NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYSHORE FORD TRUCK SALES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY <br><br> Defendant. | Civil Action No. 99-741 (JLL) <br><br> OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiffs' motions to alter judgment pursuant to Federal Rule of Civil Procedure 59(f) or, in the alternative, for relief from judgment pursuant to Federal Rule of Civil Procedure 60. The Court has considered the submissions made in support of and in opposition to Plaintiffs' motions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motions are denied.

I. BACKGROUND

As the Court writes exclusively for the parties, only those facts germane to Plaintiffs' pending motions are set forth herein.

On December 8, 2005, this Court granted summary judgment as to Plaintiffs' breach of contract claim in favor of Plaintiffs. The Court subsequently held a trial as to eleven bellwether Plaintiffs' entitlement to damages between May 29 and June 26, 2012. The jury returned a verdict awarding damages to each of the eleven bellwether Plaintiffs on June 26, 2012.

1

On September 25, 2012, Defendant filed a motion for judgment as a matter of law which this Court denied on November 21, 2012.

Defendant filed a timely appeal on November 29, 2012. On August 26, 2013, the Third Circuit reversed this Court's grant of summary judgment in favor of Plaintiffs, with instructions to enter judgment on Plaintiffs' breach of contract claim in Defendant's favor. On September 9, 2013, Plaintiffs informed the Court that they filed a Third Circuit petition for a panel rehearing and for a rehearing *en banc*. Pursuant to Federal Rule of Appellate Procedure 41(d)(1), the Third Circuit's mandate to this Court was stayed "until disposition of [Plaintiffs'] petition" for a panel rehearing and for a rehearing *en banc*. Plaintiffs notified the Court that the Third Circuit rejected their petition in its entirety on September 25, 2013. Having seen no reason for further delay in satisfying the Third Circuit's mandate, this Court entered judgment on Plaintiff's breach of contract claim in Defendant's favor on September 27, 2013.

## II. LEGAL STANDARDS

### A. Motion to Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(e)

A Rule 59(e) motion to alter judgment is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). "To prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Erwin v. Waller Capital Partners, LLC*, No. 10-3283, 2012 U.S. Dist. LEXIS 38142, at *3 (D.N.J. Mar. 20, 2012) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

### B. Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60

In relevant part, Rule 60 states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief. The Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (1978). Furthermore, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result. *Id.* at 978.

## III. DISCUSSION

The crux of Plaintiffs' argument as to why they are entitled to an alteration of judgment or relief from judgment is: (1) the Third Circuit's mandate applies only to eleven bellwether Plaintiffs, and cannot apply to the remaining sixty-three Plaintiffs as the Third Circuit lacked appellate jurisdiction over them, and (2) the Third Circuit committed errors of fact and law in reaching its decision. Neither of these arguments have merit.

The mandate rule "binds every court to honor rulings in the case by superior courts." *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir. 1994). Under the mandate rule, "a trial court must comply strictly with the mandate directed to it by the reviewing court." *Ratay v. Lincoln Nat'l Life Ins. Co.*, 405 F.2d 286, 288 (3d Cir. 1968). The U.S. Supreme court has "consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Casey*, 14 F.3d at 856 (quoting *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948)). The reason for the mandate rule is to avoid "anarchy . . . within the federal judicial system." *See Hutto v. Davis*, 454 U.S. 370, 375 (1982). In complying with the mandate of a reviewing court, "[a] trial court must implement both the letter and spirit of the

3

mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Blasband v. Rales*, 979 F.2d 324, 327 (3d Cir. 1992).

In this case, the Third Circuit specifically held that "[Defendant] did not breach the Sales and Service Agreement," and directed this Court to enter judgment in Defendant's favor. (Third Circuit Op. at 7, 9.) As the Third Circuit plainly held that Defendant did not breach the Sales and Service agreement, it would be an exercise in futility and a waste of judicial resources to hold any further trials as to the remaining sixty-three Plaintiffs' entitlement to damages for Defendant's breach of that agreement. Moreover, this Court is not empowered to remedy any error the Third Circuit may have committed in reaching its decision. Thus, there is no basis for this Court to alter its judgment complying with the Third Circuit's mandate, or to grant any Plaintiff relief from judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motions to alter judgment pursuant to Federal Rule of Civil Procedure 59(f) or, in the alternative, for relief from judgment pursuant to Federal Rule of Civil Procedure 60, are denied. An appropriate Order follows.

Dated: /3 of December, 2013.

JOSE L. LINARES
U.S. DISTRICT JUDGE