NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYSHORE FORD TRUCK SALES, INC., a Delaware corporation; MOTOR CITY TRUCKS, INC., a Delaware corporation; COLONY FORD TRUCK CENTER, INC., a Rhode Island corporation, individually and on Behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No. 99-0741 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Plaintiffs Bayshore Ford Truck Sales, Inc., Motor City Trucks, Inc., and Colony Ford Truck Center, Inc., individually and on behalf of all others similarly situated, (collectively "Plaintiffs")'s motion for reviewing, vacating, or staying the Clerk of the Court's opinion and order granting in part and denying in part Defendant Ford Motor Company ("Defendant" or "Ford")'s motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d). [CM/ECF No. 613.] The Court has considered the submissions made in support of and in opposition to Plaintiffs' motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' motion is denied.

I. **BACKGROUND**

As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding Plaintiffs' motion.

1

On December 8, 2005, this Court granted summary judgment as to Plaintiffs' breach of contract claim in favor of Plaintiffs. The Court subsequently held a trial as to eleven bellwether Plaintiffs' entitlement to damages between May 29 and June 26, 2012. The jury returned a verdict awarding damages to each of the eleven bellwether Plaintiffs on June 26, 2012.

On September 25, 2012, Defendant filed a motion for judgment as a matter o flaw which this Court denied on November 21, 2012.

Defendant filed a timely appeal on November 29, 2012. On August 26, 2013, the Third Circuit reversed this Court's grant of summary judgment in favor of Plaintiffs, with instructions to enter judgment on Plaintiffs' breach of contract claim in Defendant's favor. On September 9, 2013, Plaintiffs informed the Court that they filed a Third Circuit petition for a panel rehearing and for a rehearing en banc. Pursuant to Federal Rule of Appellate Procedure 41(d)(1), the Third Circuit's mandate to this Court was stayed "until disposition of [Plaintiffs'] petition" for a panel rehearing and for a rehearing en banc. Plaintiffs notified the Court that the Third Circuit rejected their petition in its entirety on September 25, 2013. Plaintiffs then filed a petition for Writ of Certiorari with the Supreme Court of the United States. The Supreme Court denied their petition on March 31, 2014. *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 134 S. Ct. 1762 (2014).

Having seen no reason for further delay in satisfying the Third Circuit's mandate, this Court entered judgment on Plaintiff's breach of contract claim in Defendant's favor on September 27, 2013. Plaintiffs filed separate motions under Rules 59 and 60 of the Federal Rules of Civil Procedure to alter or amend the judgment and for relief from the judgment. This Court denied Plaintiffs' motions. (Docket #604.) Plaintiffs appealed this Courts decision to the Third Circuit. (Docket #605, 606.) That appeal is pending.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In the Third Circuit there is a "'strong presumption'" that costs are to be awarded to the prevailing party. *Reger v. Nemours Found. Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *In re Paoli*, 221 F.3d at 468. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63.

### III. DISCUSSION

Plaintiffs' motion asks this Court to: (1) stay Defendant's application for costs; (2) exercise its discretion to deny the taxation of the costs of the supersedeas bond Defendant posted when it appealed this Court's grant of summary judgment in favor of Plaintiffs to the Third Circuit; and (3) allocate the costs recoverable by Defendant equally among Plaintiffs. This Court denies all three of Plaintiffs' requests.

#### A. Defendant's Application for Costs is Not Premature.

Plaintiffs ask this Court to stay Defendant's application for costs because "[a]ny taxation of costs at this juncture is . . . premature..." (Plaintiffs' Br., 11.) In support, Plaintiffs point out that it is within this Court's discretion to defer the taxation of costs while an appeal on the merits is pending. (*Id.* (citing 1993 Amendments to Advisory Committee Notes to Fed. R. Civ. P. 54(d).) Plaintiffs argue that, because their appeal of this Court's dismissal of their motions to alter judgment and for relief from judgment is pending in the Third Circuit, it would be premature to tax costs. This Court disagrees.

Plaintiffs acknowledge that Defendant is the prevailing party. As such, the crux of their argument that taxation of costs is premature is that they filed a petition for Writ of Certiorari with the Supreme Court of the United States. That petition has now been denied. Though Plaintiffs have appealed this Court's denial of their separate motions under Rules 59 and 60 of the Federal Rules of Civil Procedure to alter or amend the judgment and for relief from the judgment, the initial appeal of the judgment on the merits of the case is over. Plaintiffs' remaining appeal challenges only the application of the Third Circuit's mandate to the different plaintiffs in this case. Because there is no appeal on the merits pending, Defendant's application for costs is not premature.

    B.  <u>Plaintiffs have Failed to Show Sufficient Evidence to Convince this Court that It Should Exercise Its Discretion to Deny Ford's Supersedeas Bond Costs.</u>

This Court agrees with the Clerk of the Court's determination that the circumstances of this case do not warrant denying the taxation of the costs associated with Defendant's supersedeas bond. Plaintiffs do not deny that this cost is taxable under the Local Rules. Instead, they argue that the Court should "exercise its discretion to disallow the costs of obtaining the unnecessary supersedeas bond" because Defendant voluntarily elected to secure the bond and because "[h]ad Ford asked the eleven Bellwether Plaintiffs to agree to waive the supersedeas bond awaiting appeal, Plaintiffs would likely have given their consent." (Plaintiffs' Br., 14-15.) This argument is without merit. First, Plaintiffs' characterization of Ford's decision to post the supersedeas bond is misleading. Second, Plaintiffs consented to Ford's decision to post the bond.

By initially asking this Court to approve its supersedeas bond, Defendant was complying with Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(B). The purpose of the bond was to stay execution of judgment against it while its appeal to the Third Circuit was pending. Plaintiffs did not object to Defendant's method of staying execution

4

of judgment against them. Thus, it is misleading for Plaintiffs to now call the posting of the supersedeas bond as "voluntary" in order to avoid paying the cost.

Additionally, Plaintiffs' argument that they would have consented to waiving the bond is disingenuous. Plaintiffs never objected to the bond or suggested that they would be willing to waive it. In fact, Plaintiffs' counsel "consented to the form and substance of the order and, per Ford's representation, only after several rounds of negotiations." (Docket #625 at 25.) Plaintiffs' counsel signed the Court Order approving Ford's appeal bond, representing that Plaintiffs "hereby consent to the form and entry of this Order." (Docket #537.) Thus, Plaintiffs have failed to show sufficient evidence to convince this Court that it should exercise its discretion to deny Defendant's supersedeas bond costs.

C. Ford's Costs Should Be Imposed Jointly and Severally On Plaintiffs.

The default position in the Third Circuit is that taxable costs in a multi-party case are imposed jointly and severally on the losing parties. *In re Paoli*, 221 F.3d at 469. To overcome this default rule, "the burden [rests] on the losing parties to introduce evidence and persuade the court that costs should be apportioned[.]" *Id.* Plaintiffs have failed to produce sufficient evidence to persuade this Court to deviate from the default rule.

Plaintiffs argue that this Court should set aside the Third Circuit's default rule and apportion costs among the Plaintiffs because "Ford incurred costs during various stages of the litigation," including before and after the bellwether plaintiffs were identified. (Plaintiffs' Br. at 17.) Thus, Plaintiffs argue, it would be unfair for a small number of the plaintiffs to bear the burden of paying all of the costs.

This argument is unpersuasive, particularly when considering that it would also be unfair to have Defendant, the prevailing party, collect costs from 74 different plaintiffs individually.

5

Plaintiffs also have not shown that it would be difficult for them to coordinate a way of dividing the costs among themselves. As such, Plaintiffs have not met their burden to persuade this Court to forgo imposing the default rule.

### IV.     CONCLUSION

For the reasons set forth above, Plaintiffs motion for reviewing, vacating, or staying the Clerk of the Court's opinion [CM/ECF No. 613] is denied.

An appropriate Order accompanies this Opinion.

Jose L. Linares
United States District Judge

Dated: May 29, 2014